# EXHIBIT A

| Creditor: | Specialized Loan Servicing LLC |
|---|---|
| Debtor: | David Edwin Edwards & Laura Lincecum Edwards |
| Case No.: | 20-10285 |
| Loan No.: | xxxxxx9933 |
| Our File No.: | 5123-N-2137 |
| Collateral: | 18417 E Village Way Drive, Baton Rouge, LA 70810 |

**PAYMENTS RECEIVED**

| Loan Status as of: | 7/22/2020 |
|---|---|
| Initial Due Date: | 8/1/2019 |

| Date Received | Amount Received | Due Date | Amount Due | NSF/Late Charges/Other | Paid Over/Short | Description |
|---|---|---|---|---|---|---|
| | $ - | 8/1/2019 | $ 2,657.60 | $ - | $ (2,657.60) | Payment Accrued |
| 8/12/2019 | $ 2,657.60 | | | $ - | $ 2,657.60 | Funds Received |
| | $ - | 9/1/2019 | $ 2,657.60 | $ - | $ (2,657.60) | Payment Accrued |
| | $ - | 10/1/2019 | $ 2,657.60 | $ - | $ (2,657.60) | Payment Accrued |
| | $ - | 11/1/2019 | $ 2,657.60 | $ - | $ (2,657.60) | Payment Accrued |
| | $ - | 12/1/2019 | $ 2,657.60 | $ - | $ (2,657.60) | Payment Accrued |
| | $ - | 1/1/2020 | $ 2,665.33 | $ - | $ (2,665.33) | Payment Accrued |
| | $ - | 2/1/2020 | $ 2,665.33 | $ - | $ (2,665.33) | Payment Accrued |
| | $ - | 3/1/2020 | $ 2,665.33 | $ - | $ (2,665.33) | Payment Accrued |
| | $ - | 4/1/2020 | $ 2,665.33 | $ - | $ (2,665.33) | Payment Accrued |
| | $ - | 5/1/2020 | $ 2,665.33 | $ - | $ (2,665.33) | Payment Accrued |
| | $ - | 6/1/2020 | $ 2,665.33 | $ - | $ (2,665.33) | Payment Accrued |
| | $ - | 7/1/2020 | $ 2,665.33 | $ - | $ (2,665.33) | Payment Accrued |
| **Total:** | **$ 2,657.60** | | **$ 31,945.31** | **$ -** | **$ (29,287.71)** | |

| Delinquent Payments | | Days Delinquent: | 325 | |
|---|---|---|---|---|
| Month Due | P&I Due | Escrow Due | Stip Due | Total Due |
| 9/1/2019 | $ 1,960.89 | $ 696.71 | $ - | $ 2,657.60 |
| 10/1/2019 | $ 1,960.89 | $ 696.71 | $ - | $ 2,657.60 |
| 11/1/2019 | $ 1,960.89 | $ 696.71 | $ - | $ 2,657.60 |
| 12/1/2019 | $ 1,960.89 | $ 696.71 | $ - | $ 2,657.60 |
| 1/1/2020 | $ 1,960.89 | $ 704.44 | $ - | $ 2,665.33 |
| 2/1/2020 | $ 1,960.89 | $ 704.44 | $ - | $ 2,665.33 |
| 3/1/2020 | $ 1,960.89 | $ 704.44 | $ - | $ 2,665.33 |
| 4/1/2020 | $ 1,960.89 | $ 704.44 | $ - | $ 2,665.33 |
| 5/1/2020 | $ 1,960.89 | $ 704.44 | $ - | $ 2,665.33 |
| 6/1/2020 | $ 1,960.89 | $ 704.44 | $ - | $ 2,665.33 |
| 7/1/2020 | $ 1,960.89 | $ 704.44 | $ - | $ 2,665.33 |
| Delinquency | | | | $ 29,287.71 |
| Less Suspense | | | | $ - |
| Total Delinquency | | | | $ 29,287.71 |

# NOTE

March 21st, 2016          Baton Rouge                    , LOUISIANA
   *[Date]*                  *[City]*                       *[State]*

18417 E VILLAGE WAY DRIVE    BATON ROUGE, LA 70810

*[Property Address]*

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 417,000.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is GMFS, LLC, A LIMITED LIABILITY COMPANY

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid Principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 3.875        %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

   (A) **Time and Place of Payments**

   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the 1st      day of each month beginning on May 1st,
2016      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on April 1st, 2046      ,
I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at 7389 Florida Boulevard, Suite 200A, Baton Rouge, LA 70806                         or at a different place if required by the Note Holder.

   (B) **Amount of Monthly Payments**

   My monthly payment will be in the amount of U.S. $ 1,960.89    .

4. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A) **Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of 15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000        % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   (B) **Default**

   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   (C) **Notice of Default**

   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   (D) **No Waiver By Note Holder**

   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

MULTISTATE FIXED RATE NOTE -- Single Family -- Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT   Form 3200 1/01

*(Page 1 of 2)*

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
DAVID E EDWARDS          -Borrower

_____ (Seal)
LAURA L EDWARDS          -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

(Brad Johnson)
Loan Originator: GMFS LLC

[Sign Original Only]

'NE VARIETUR' for identification with a mortgage given before me on March 21, 2016

Notary qualified in E. Baton Rouge Parish, Louisiana

John Murphey #067596
Lifetime Commission

MULTISTATE FIXED RATE NOTE -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3200 3/99
(Page 2 of 2)

```
ORIG: 265   BNDL: 12720
3/23/2016 2:24:12 PM

FILED AND RECORDED
EAST BATON ROUGE PARISH, LA
DOUG WELBORN
CLERK OF COURT AND RECORDER
```

# M

——————— [Space Above This Line For Recording Data] ———————

PMI CASE#:
PARCEL TAX ID#: ▮

## MORTGAGE

**DEFINITIONS**
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)   "**Security Instrument**" means this document, which is dated March 21st, 2016, together with all Riders to this document.

(B)   "**Borrower**" is DAVID E EDWARDS AND LAURA L EDWARDS, HUSBAND AND WIFE

Borrower is the mortgagor under this Security Instrument.

(C)   "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** The tax identification number of MERS is ▮ . MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**LOUISIANA** -- Single Family -- Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT **Form 3019** 1/01 (rev. 10/13)

*(Page 1 of 19)*

(D)   "Lender" is GMFS, LLC

Lender is a A LIMITED LIABILITY COMPANY           organized and existing under the
laws of THE STATE OF DELAWARE                     . Lender's address is
7389 Florida Boulevard, Suite 200A, Baton Rouge, LA 70806

(E)   "Note" means the promissory note signed by Borrower and dated March 21st,
2016          . The Note states that Borrower owes Lender
FOUR HUNDRED SEVENTEEN THOUSAND AND NO/100

Dollars (U.S. $ 417,000.00            ) plus interest. Borrower has promised to pay this
debt in regular Periodic Payments and to pay the debt in full not later than
April 1st, 2046              .
(F)   "Property" means the property that is described below under the heading "Transfer of
Rights in the Property."
(G)   "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges
and late charges due under the Note, and all sums due under this Security Instrument, plus
interest.
(H)   "Riders" means all Riders to this Security Instrument that are executed by Borrower.
All Riders to this Security Instrument are deemed to be a part of this Security Instrument as if
fully incorporated herein. The following riders are to be executed by Borrower [check box as
applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Biweekly Payment Rider | ☐ 1-4 Family Rider |
| ☒ Other(s) [specify] | ☒ Planned Unit Development Rider | |

EXHIBIT A
(I)   "Applicable Law" means all controlling applicable federal, state and local statutes,
regulations, ordinances and administrative rules and orders (that have the effect of law) as well
as all applicable final, non-appealable judicial opinions.
(J)   "Community Association Dues, Fees, and Assessments" means all dues, fees,
assessments and other charges that are imposed on Borrower or the Property by a condominium
association, homeowners association or similar organization.
(K)   "Electronic Funds Transfer" means any transfer of funds, other than a transaction
originated by check, draft, or similar paper instrument, which is initiated through an electronic
terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize
a financial institution to debit or credit an account. Such term includes, but is not limited to,
point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone,
wire transfers, and automated clearinghouse transfers.
(L)   "Escrow Items" means those items that are described in Section 3.
(M)   "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or
proceeds paid by any third party (other than insurance proceeds paid under the coverages
described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or
other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv)
misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N)   "Mortgage Insurance" means insurance protecting Lender against the nonpayment of,
or default on, the Loan.

LOUISIANA -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3019  1/01 (rev. 10/13)
(Page 2 of 19)

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (soleley as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the   COUNTY

[Type of Recording Jurisdiction]
of   EAST BATON ROUGE PARISH
[Name of Recording Jurisdiction]
SEE ATTACHED FOR LEGAL DESCRIPTION

which currently has the address of  18417 E VILLAGE WAY DRIVE

[Street]

BATON ROUGE         , Louisiana    70810         ("Property Address"):
[City]                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

LOUISIANA -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3019  1/01 (rev.10/13)

(Page 3 of 19)

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and hypothecate the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payments if the payment or partial payment are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payment in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

**LOUISIANA** -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3019   1/01 (rev. 10/13)
*(Page 4 of 19)*

THUS DONE, AND PASSED, on this 21st day of March, 2016, in the presence of the undersigned Notary Public, and in the presence of the undersigned competent witnesses, who hereinto sign their names, along with Borrower, after being duly sworn and after reading of the whole.

_____ (Seal)
DAVID E EDWARDS                  -Borrower

_____ (Seal)
LAURA L EDWARDS                  -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

WITNESS(ES) (as to all signatures):

Matthew Edwards                  _____
Print Name                       Print Name
                                 STEPHEN R EDWARDS

NOTARY PUBLIC:

Print Name:    John Murphey #067596
               Lifetime Commission

PREPARED BY: Bridgette Denicola          RECORD AND RETURN TO:
GMFS, LLC                                GMFS LLC
7389 Florida Boulevard                   ATTN: Linda Templet
Suite 200A                               7389 Florida Blvd., STE 200A
Baton Rouge, LA 70806                    Baton Rouge, LA 70806

                       (Brad Johnson)
Loan Originator:   GMFS LLC

LOUISIANA -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3019 1/01 (rev. 10/13)
(Page 19 of 19)

## PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 21st day of March , 2016 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
GMFS, LLC, A LIMITED LIABILITY COMPANY

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
18417 E VILLAGE WAY DRIVE BATON ROUGE, LA 70810

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in
Protective covenants, conditions, and restrictions of said developments.

(the "Declaration"). The Property is part of a planned unit development known as

COUNTRY CLUB OF LOUISIANA

[Name of Planned Unit Development]
(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3150 1/01
(Page 1 of 3)

(including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3150 1/01
(Page 2 of 3)

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)
DAVID E EDWARDS                  -Borrower

_____ (Seal)
LAURA L EDWARDS                  -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3150 1/01
(Page 3 of 3)

# Exhibit A

ONE (1) CERTAIN LOT OR PARCEL OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of East Baton Rouge, Louisiana, in that subdivision thereof known as THE COUNTRY CLUB OF LOUISIANA, PARCEL 8, and being designated on the official plat thereof on file and of record in the office of the Clerk and Recorder for East Baton Rouge, Louisiana, as LOT NUMBER LOT FIFTEEN (15), SQUARE 8, said subdivision; said lot having such bearings and dimensions and being subject to such servitudes and building line restrictions of record and as shown on the official subdivision plat.

Municipal Address: 18417 E. Village Way Drive, Baton Rouge, LA, 70810
Tax Parcel: ▮▮▮▮▮

*Title Insurance Producer:*
TitlePlus
7389 Florida Blvd, Suite 200B
Baton Rouge, LA 70806
License Number: 333370

*Title Insurance Underwriter:*
Old Republic National Title Insurance Company
400 Second Avenue South
Minneapolis, MN 55401

*Title Examined By:*
Kate Deumite Robert
Bar Roll No. 32932

```
ORIG: 029   BNDL: 13028
5/26/2020 10:28:36 AM

FILED AND RECORDED
EAST BATON ROUGE PARISH, LA
DOUG WELBORN
CLERK OF COURT AND RECORDER
```

## Assignment of Mortgage

PROVIDED COPY FOR
CERTIFIED TRUE COPY
BY _____
DEPUTY CLERK AND RECORDER

For value received, Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for GMFS, LLC, its successors and assigns, hereby grants, assigns, and transfers to: **GMFS LLC** all of its right, title and interest under that certain Mortgage dated March 21st, 2016 executed by:

Borrower: DAVID E EDWARDS AND LAURA L EDWARDS, HUSBAND AND WIFE

To Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for GMFS, LLC, its successors and assigns, whose address is P.O. Box 2026, Flint, MI 48501-2026 in the amount of: $417,000.00, recorded 03/23/2016 as Instrument No.: A-20160215799 in Book/Volume: 265 Page: 12720 of the Official Records of EAST BATON ROUGE PARISH, LOUISIANA

Property Address: 18417 E VILLAGE WAY DRIVE, BATON ROUGE, LOUISIANA 70810
Tax Parcel ID: [redacted]
Legal Description: SEE EXHIBIT A

Effective date: **APR 2 8 2020**

Mortgage Electronic Registration Systems, Inc., as mortgagee

By: _____
SCOTT SLAGLE
ASSISTANT VICE PRESIDENT

State of PENNSYLVANIA
County of ALLEGHENY

On **APR 2 8 2020** before me, Tina M Darick the undersigned, a Notary Public in and for the county of ALLEGHENY in the State of Pennsylvania, personally appeared Scott Slagle, ASSISTANT VICE PRESIDENT personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that for his/her signature on the instrument the person, or the entity upon behalf of which he/she acted, executed the instrument.

_____
Tina M Darick
My Commission Expires: 02/10/2021

This Instrument Prepared By:
**COMPUTERSHARE TITLE SERVICES**
**c/o VISIONET SYSTEMS INC.**
After Recording Return To:
**COMPUTERSHARE TITLE SERVICES**
**c/o VISIONET SYSTEMS INC.**
**183 INDUSTRY DRIVE**
**PITTSBURGH, PA 15275**
Voice: 1-(412) 927-0226

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
TINA M DARICK
Notary Public
FINDLEY TWP, ALLEGHENY COUNTY
My Commission Expires Feb 10, 2021
```

## EXHIBIT A

ONE (1) CERTAIN LOT OR PARCEL OF GROUND, TOGETHER WITH ALL THE BUILDINGS AND IMPROVEMENTS THEREON, AND ALL THE RIGHTS, WAYS, PRIVILEGES, SERVITUDES, APPURTENANCES AND ADVANTAGES THEREUNTO BELONGING OR IN ANYWISE APPERTAINING, SITUATED IN THE PARISH OF EAST BATON ROUGE, LOUISIANA, IN THAT SUBDIVISION THEREOF KNOWN AS THE COUNTRY CLUB OF LOUISIANA, PARCEL 8, AND BEING DESIGNATED ON THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE CLERK AND RECORDER FOR EAST BATON ROUGE, LOUISIANA, AS LOT NUMBER LOT FIFTEEN (15), SQUARE 8, SAID SUBDIVISION; SAID LOT HAVING SUCH BEARINGS AND DIMENSIONS AND BEING SUBJECT TO SUCH SERVITUDES AND BUILDING LINE RESTRICTIONS OF RECORD AND AS SHOWN ON THE OFFICIAL SUBDIVISION PLAT.

MUNICIPAL ADDRESS: 18417 E. VILLAGE WAY DRIVE, BATON ROUGE, LA, 70810
TAX PARCEL: ▉▉▉▉▉▉▉▉